UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDMOND E. BURKHALTER                                CIVIL ACTION

VERSUS                                              NO. 10-1816

STEVE RADER, WARDEN                                 SECTION "B"(1)

## TRANSFER ORDER

Petitioner, EDMOND E. BURKHALTER, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his March 19, 1980 state court conviction and sentence. To support his challenge, petitioner asserts that his indictment and conviction are invalid because the statute in effect at the time prescribing the method of selecting grand juries in Orleans Parish was an unconstitutional local law and resulted in the systematic exclusion of African-Americans from service as grand jury forepersons.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Edmond Burkhalter v. Frank Blackburn, Warden</u>, Civil Action 86-0042 "B." In that petition, petitioner raised a claim of ineffective assistance of counsel, alleging that counsel failed to: (1) file a motion to quash the bill of indictment, (2) present a justification of self-defense, (3) adequately prepare and consult with petitioner, (4) adequately

cross-examine the state's witnesses, and (5) deliver an opening statement. On September 9, 1986, the petition was dismissed with prejudice on the merits. On May 28, 1987, the United States Fifth Circuit Court of Appeals affirmed the District Court's judgment.

Petitioner filed a second petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Edmond E. Burkhalter v. Hon. Bruce N. Lynn, et al.</u>, Civil Action 89-3573 "B"(1). In this petition, he asserted that the evidence was insufficient to convict him because the State failed to prove that he had the requisite <u>mens rea</u> to kill the police officer, and he reasserted his ineffective assistance of counsel claim. In June 1990, the Court dismissed the petition for writ of habeas corpus with prejudice as an abuse of the writ pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases. <u>See</u> Rec. Doc. Nos. 8, 9 (Order and Reasons entered June 8, 1990 and Judgment entered June 19, 1990). On March 15, 1991, the United States Fifth Circuit Court of Appeals affirmed the District Court's judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

-2-

> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that EDMOND E. BURKHALTER's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals

under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 16th day of July, 2010.

                                         UNITED STATES DISTRICT JUDGE